**TRAVELERS INSURANCE COMPANY, Plaintiff/Appellee,**

v.

**D & D CONTRACTING, Defendant/Appellant.**

**No. 90–4121.**

United States Court of Appeals, Tenth Circuit.

April 20, 1992.

Edwin F. Guyon, Salt Lake City, Utah, for defendant/appellant.

R. Brent Stephens, Robert C. Keller of Snow, Christensen & Martineau, Salt Lake City, Utah, for plaintiff/appellee.

Before McKAY and HOLLOWAY, Circuit Judges, and DUMBAULD *, Senior District Judge.

DUMBAULD, Senior District Judge.

Plaintiff-appellee Travelers Insurance Company (hereafter "Travelers" or "the company") brought the instant action for a declaratory judgment against the insured[1] holding that the company had satisfied all its liability under the coverage of the policy by paying a total of $457,826.[2] Appellant contended that it had requested additional coverage which it alleged that Travelers

---

* The Honorable Edward Dumbauld, United States Senior District Judge of the Western District of Pennsylvania, sitting by designation.

1. Defendant-appellant D & D Contracting (hereafter the "insured") was named as the insured in a policy issued on June 10, 1986 when it was a Utah corporation formed in 1979 but dissolved in 1986 for failure to file tax returns. It continued to do business as a proprietorship and to pay premiums accepted by Travelers. The fire occurred on March 27, 1987.

2. This payment, in addition to the coverages referred to in notes 3 and 4 *infra,* included additional miscellaneous sums payable under the "inflation guard feature" of the policy. Nothing was paid under the business interruption coverage.

3. This coverage applied to the building damaged in the fire.

had agreed to provide. The District Court after extensive discovery granted summary judgment in favor of Travelers, holding that the appellant had failed to furnish sufficient proof that Travelers had agreed to provide additional coverage or sufficient proof of the business interruption claim of over $9 million. We affirm.

As of November 18, 1986, the pertinent fire insurance policy provided:

| Coverage A (building) | $250,000[3] |
| Coverage B (personal property) | $200,000[4] |
| Coverage C (business interruption) | twelve months no limit as to amount. |

Appellant contends[5] that it subsequently requested an increase of coverage on the building involved in the fire from $250,000 to $300,000 and personal property from $200,000 to $300,000.

Appellant also submitted a large claim under the business interruption coverage. The only proof of Travelers' acceptance of the increased coverage or of the business interruption loss was conclusory assertions in an affidavit by Derek Andreason, proprietor of the business.

The District Court properly decided that this evidence was not sufficient to establish an increased level of coverage on the building. Insurance policies and modifications thereto are normally embodied in lengthy written documentation, (contracts of adhesion, riders and endorsements) or at least outlined in a provisional "binder."

---

4. This coverage applied to the building damaged in the fire.

5. We need not pause to consider appellant's specious argument *in limine* that no diversity jurisdiction exists in the case at bar. (Appellant's Brief, pp. 13–19.) Plainly Travelers is a citizen of Connecticut and Appellant of Utah. That the insurance company had complied with the requirements which Utah law imposes upon foreign corporations in order to do business in Utah does not destroy the diversity of citizenship. The District Court had jurisdiction under 28 U.S.C. 1332.

Nor need we consider the denial by the District Court of Appellant's untimely motion for an appraisal, as Appellant does not raise that point on appeal. (See paragraph 3 of the District Court's judgment order of June 4, 1990; and Appellant's Brief, p. 7.)

Nor did the Andreason affidavit and its attachments sustain the utterly speculative claim of over $9 million for business interruption in connection with gas line work. That business was altogether prospective. Appellant admittedly had no contracts for such work nor had ever done such work in the past in the area involved.[6] Such a speculative projection falls short of the standards set forth in the policy calling for "due consideration" of the "expenses" and "experience" of the insured's business prior to the fire.[7]

The District Court's grant of summary judgment is warranted under *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986), and is

AFFIRMED.

---

**6.** See testimony quoted in Appellee's Brief, pp. 22–27.

**7.** For the text of section F, ¶ 2 of the policy relating to this topic see *ibid.*, p. 8.